KRANTZ, Appellant, v. KRANTZ, Respondent.

(172 N. W. 501).

(File No. 4484.   Opinion filed May 13, 1919.)

**Pleadings—Divorce, Cross-bill Re Infidelity and Cruelty, by Amendment, Objection To, Re Infidelity, Tenability Of.**

In a suit for divorce, defendant having by leave of court interposed an amended answer embracing a cross-bill for divorce for infidelity and cruelty, which amendment was opposed on affidavits showing that the charge of infidelity had been the ground of plaintiff's previous suit for divorce, that upon defendant's retraction of such charges and because thereof plaintiff dismissed her former action and resumed marriage relations; held, that, since the objection to the amendment went to the whole amendment, including both infidelity and cruelty, trial court properly allowed the amendment.

Appeal from Circuit Court, McCook County.   Hon. Joseph W. Jones, Judge:

Action by Bertha Ellen Krantz, against Arthur H. Krantz, for divorce; cross-bill by defendant.   From an order allowing service and filing of an amended answer embracing the cross-bill plaintiff appeals.   Affirmed.

Seth Teesdale, for Appellant.

Jones & Jones (E. H. Wilson of counsel), for Respondent.

WHITING, J.   Plaintiff seeks divorce on ground of cruelty. Defendant, after lapse of several months, asks leave to serve and file an amended answer, which answer is the original answer, to

which is added a cross-bill seeking divorce because of alleged infidelity and cruelty. From an order allowing the serving and filing of such amended answer, this appeal was taken.

Defendant filed affidavits in support of the application to amend. Such affidavits did not contain such clean-cut statements as to time when defendant first learned of the alleged infidelity as should be found in an affidavit in support of prayer to amend. On the other hand, plaintiff filed affdavits showing that this charge of infidelity had been made several years ago, and *at about the* time defendant now claims that it occurred; that because of such charges this plaintiff at that time instituted divorce proceedings; that defendant retracted such charges; and that; because of such retraction, plaintiff dismissed her action and resumed marriage relations with defendant. We are of the opinion that, if plaintiff's objection to the amended answer had been directed solely to the part charging infidelity, the trial court should have sustained such objection, in the absence of some further showing by defendant. But plaintiff's objection was directed to the whole amendment, and the ends of justice clearly require the trial court to pass upon the allegations of cruelty contained in such cross-bill. It follows that the trial court did not err in overruling the objections, directed, as they were, to the whole cross-bill.

The order appealed from is affirmed.